**UNITED STATES of America, Plaintiff,**

v.

**Hossein H. MORADI, Defendant.**

**Criminal No. 09–M–3677 PWG.**

United States District Court, D. Maryland, Northern Division.

April 16, 2010.

## *MEMORANDUM AND ORDER*

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses Defendant Hossein H. Moradi's Motion to Dismiss Superseding Misdemeanor Information and Memorandum in Support thereof, filed March 1, 2010; the Government's Response to Defendant's Motion to Dismiss, filed March 16, 2010; and Defendant's Rebuttal to Government's Response to Defendant's Memorandum in Support of Motion to Dismiss Superseding Misdemeanor Information, filed April 6, 2010.[1] For the reasons stated herein, Defendant's Motion is DENIED. This Order disposes of Defendant's Motion and the Government's Response.

1. Although Defendant filed his rebuttal after the time for doing so had passed, *see* Local Rules 105.2.a & 207, the Court has read and considered the arguments set forth therein.

2. Notably, the original Misdemeanor Information charged the same crimes, but within "the

## I. BACKGROUND

By Superseding Misdemeanor Information, the United States Attorney for the District of Maryland charged that, "on an aircraft in the special aircraft jurisdiction of the United States," Defendant Hossein H. Moradi "commit[ted] assault and battery," and "knowingly attempt[ed] to commit a battery" and placed the victim "in reasonable apprehension thereof." The Information cited 18 U.S.C. § 113(a)(4) and (5), and 49 U.S.C. §§ 46506(1) and 46501.[2] On January 25, 2010, and again at a bench trial on January 27, 2010, Defendant moved to dismiss the charges for lack of jurisdiction. Def.'s Mot. to Dismiss 3. The Court denied the motion without prejudice and asked the parties to brief the issue further following trial. The Court found Defendant not guilty on Count 1, assault by striking, beating or wounding, and guilty on Count 2, simple assault.

On March 1, 2010, Defendant submitted a Memorandum in Support of Motion to Dismiss Superseding Misdemeanor Information, "seeking an order dismissing the charges and vacating the conviction against him," on the grounds that the Court's jurisdiction with regard to a violation of 18 U.S.C. § 113(a) and 49 U.S.C. § 46506 is only proper when the act occurs "'out of the jurisdiction of any particular state.'" Def.'s Mem. 5 (quoting 18 U.S.C. § 7(5)). The Government opposed the Motion, arguing that "Defendant's interpretation effectively nullifies 'special aircraft jurisdiction' and ignores the broader concept of concurrent jurisdiction." Gov't Resp. 1. According to the Government, "[a]ttempting to determine what State, and

special maritime and territorial jurisdiction of the United States," and cited 18 U.S.C. §§ 7(3) and (5) rather than 49 U.S.C. §§ 46506(1) and 46501. As discussed *infra,* the Court would not have had jurisdiction to proceed with the case as originally charged.

more likely, what County in that State, the plane was over [when the offense occurred] crystallizes the need for concurrent Federal jurisdiction when crimes take place on aircrafts." *Id.* at 13. In rebuttal, Defendant contends that "the evidence in this case clearly and convincingly establishes that the offense of simple assault at issue before this Court was clearly committed, if at all, within the confines of the state of Maryland and, therefore, must be prosecuted, if at all, in a Maryland State court," Def.'s Rebuttal 2, because Congress "has, in this case, restricted jurisdiction to the courts of the State of Maryland pursuant to the provisions of 18 U.S.C. § 7(5)," *id.* at 4.

## II. DISCUSSION

18 U.S.C. § 113(a) provides, in pertinent part:

§ 113. Assaults within maritime and territorial jurisdiction

(a) Whoever, *within the special maritime and territorial jurisdiction of the United States,* is guilty of an assault shall be punished as follows:

. . .

(4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both.

(5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both. . . .

18 U.S.C. § 113(a)(4)-(5) (emphasis added). "Special maritime and territorial jurisdiction of the United States" includes:

(5) Any aircraft belonging in whole or in part to the United States, or any citizen thereof, or to any corporation created by or under the laws of the United States, or any State, Territory, District, or possession thereof, while such aircraft is in flight over the high seas, or over any other waters within the admiralty and maritime jurisdiction of the United States *and out of the jurisdiction of any particular State.*

18 U.S.C. § 7 (emphasis added).[3] Here, the airplane was in the airspace of a state[4] at the time of the alleged assault. Therefore, the act occurred within that state's jurisdiction and not within the special maritime and territorial jurisdiction of the United States. *See, e.g.,* Md.Code Ann., Transp. § 5–301(a) (2003 Repl. Vol.) ("*Jurisdiction over crimes, torts, and other wrongs.*—The law of this State defines and governs all crimes, torts, and other wrongs committed in flight over this State."); 18 Pa.C.S.A. § 102 (1998) ("(a) *General rule.*—Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct . . . if . . . (1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth . . . . (d) *Air space.*—This Commonwealth includes the land and water and the air space above such land and water with respect to which the Commonwealth has legislative jurisdiction."); 18 U.S.C. § 7(5) (special maritime and territorial jurisdiction of the United States includes any of various aircrafts "while such aircraft is in flight over the high seas, or over any other waters within the admiralty and maritime jurisdiction of the United States and *out of*

---

**3.** Prior to 1952, federal jurisdiction under 18 U.S.C. § 7 only extended to offenses occurring on maritime vessels, not aircrafts. *See* H.R.Rep. No. 2257 (1952), *as reprinted in* 1952 U.S.C.C.A.N. 2101.

**4.** Contrary to Defendant's assertion, it is not clear what state's airspace the plane occupied at the time of the alleged assault. *See* Gov't Resp. 13. The victim testified that she looked out the window after the incident and saw "farmland," but she was not sure what state the plane was flying over at that time.

*the jurisdiction of any particular State* ") (emphasis added).

However, "[s]ubsequent legislation, incorporated in the transportation title of the United States Code, title 49, established a new 'special aircraft jurisdiction.' Congress authorized the exercise of this jurisdiction over specified crimes, including [assault] crimes defined under [section 113] of title 18." *United States v. Georgescu,* 723 F.Supp. 912, 913 (E.D.N.Y.1989). Congress codified special aircraft jurisdiction in Chapter 465 of the Transportation Article of the United States Code. *See* 49 U.S.C. §§ 46501–46507.

49 U.S.C. § 46506 provides:

§ 46506. Application of certain criminal laws to acts on aircraft

An individual on an aircraft *in the special aircraft jurisdiction of the United States who commits an act that*—

(1) *if committed in the special maritime and territorial jurisdiction of the United States* (as defined in section 7 of title 18) would violate section 113 ... of title 18, shall be fined under title 18, imprisoned under that section or chapter, or both[.]

49 U.S.C. § 46501(2) defines "special aircraft jurisdiction of the United States" to "include[ ] any of the following aircraft in flight: ... (C) another aircraft in the United States," and 49 U.S.C. § 46501(1) defines "aircraft in flight" as "an aircraft from the moment all external doors are closed following boarding—(A) through the moment when one external door is opened to allow passengers to leave the aircraft." The charged assault occurred on an airplane after the external doors were closed following boarding and before any external door was opened for the passengers to deplane. Further, the airplane was en route from Nevada to Maryland. Therefore, the airplane was an "aircraft in flight," and also an "aircraft in the United States," such that the United States had special aircraft jurisdiction. *See* 49 U.S.C. § 46501.

Defendant contends that the Court lacks jurisdiction because "this Court's ability to adjudicate a charge filed pursuant [to] 18 U.S.C. § 113 is dependent upon the definition of the special maritime and territorial jurisdiction of the United States," which excludes from federal jurisdiction acts "within the jurisdiction [of] a 'particular State.'" Def.'s Mem. 2 (quoting 18 U.S.C. § 7(5)). In this regard, *United States v. Georgescu,* 723 F.Supp. 912 (E.D.N.Y. 1989) is informative.

The defendant in *Georgescu* allegedly committed a criminal sexual act in violation of 18 U.S.C. § 2241 (Supp. V 1987) "while in the special aircraft jurisdiction of the United States.... 49 U.S.C.App. § 1472(k)(1) (Supp. V 1987),"[5] during a transatlantic flight bound for a New York airport. *Id.* at 913. The language of 18 U.S.C. § 2241(c) addressed certain sexual acts in the same manner that 18 U.S.C. § 113(a) addresses assaults. *See* 18 U.S.C. § 2241(c) ("Whoever *in the special maritime and territorial jurisdiction* of the United States ... knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined ..., imprisoned for any term of years or life, or both.") (emphasis added). Although it is true that, as the Defendant asserts, "[t]he issue of the offense taking place within the jurisdiction of New York was never an

---

**5.** The Federal Aviation Act Amendments of 1961 introduced subsection (k) of 49 U.S.C. § 1472. It has been renumbered as 49 U.S.C. § 46506. In 1970, Congress introduced the term "special aircraft jurisdiction" to replace "the vague notion of 'in flight in air commerce,'" used in 1961. *Georgescu,* 723 F.Supp. at 915–16 (citing Pub.L. No. 91–449, 84 Stat. 921, 921 (1970)).

issue in the case," Def.'s Rebuttal 3, the scope of special maritime jurisdiction was at issue. The defendant moved to dismiss for lack of jurisdiction, arguing that "only those acts committed in the special maritime and territorial jurisdiction as defined in title 18 are punishable under section 1472(k)(1)." *Georgescu*, 723 F.Supp. at 914. The Court disagreed, observing, *id.*:

> If commission in the special maritime and territorial jurisdiction were a prerequisite to the offenses specified in section 1472(k)(1) of title 49, then this section would be unnecessary, since the matter would already be covered by section 2241 of title 18, which specifically refers to the special maritime and territorial jurisdiction. The extension of jurisdiction to prosecute sex crimes in the special aircraft jurisdiction would have accomplished nothing.

The Court continued:

> The phrase "if committed within the special maritime and territorial jurisdiction" in section 1472(k)(1) does not establish an element of the offense. It indicates that the acts made illegal by our laws when committed in the special maritime and territorial jurisdiction are also made illegal if committed in the special aircraft jurisdiction.

*Id.; see* Fed. Aviation Act Amendments of 1961, H.R.Rep. No. 958, at 10 (1961), *as reprinted in* 1961 U.S.C.C.A.N. 2570 ("Paragraph (1) would provide the same penalties for crimes such as assault ... when committed aboard an aircraft in flight in air commerce, as are provided for such crimes by specific provisions of title 18 of the United States Code, when committed within the 'special maritime and territorial jurisdiction of the United States,' as that term is defined by section 7 of such title 18.") (quoted in *United States v. Dixon*, 592 F.2d 329, 339 (6th Cir.1979)).

Indeed, "[t]he addition of subsection (k) extended Federal criminal laws to certain acts committed on board aircraft, including assault...." *United States v. Dixon*, 592 F.2d 329, 338 (6th Cir.1979). Congress introduced subsection (k) "to supplement state laws, in an area in which they have proved inadequate, by giving the Federal Government concurrent jurisdiction over crimes committed on board aircraft in flight." *Id.* at 339. The House of Representatives Report explained:

> [I]n the case of crimes committed in the airspace over States of the United States, most of the acts with which this legislation deals would be violations of the laws of one or more of such States. However, crimes committed in the airspace over a State pose peculiar and extremely troublesome problems of enforcement which are not present when such crimes take place on the ground. When a criminal moves the scene of his activity to an aircraft in flight he is able to take advantage of practical and physical difficulties that may seriously impair effective apprehension and prosecution, particularly if the offense is one against the law of a State rather than against Federal law. Furthermore, in the case of offenses against State law, State officials are often faced with an insuperable task in trying to establish that a particular act occurred in the airspace over that State and in some cases, under State law, it would be necessary to prove that the offense was committed over a particular county in the State. It is obvious that such proof may be very difficult and often impossible if the offense is committed on a jet aircraft traveling at 600 miles per hour at an altitude of 30,000 feet.
>
> . . .
>
> Although State criminal statutes generally cover crimes committed on board aircraft in flight over the State, the advent of high-speed high-altitude flights of modern jet aircraft has complicated

the problem of establishing venue for the purposes of prosecution. In some recent instances, serious offenses have gone unpunished because it was impossible to establish to any reasonable degree of accuracy the State over which the crime was committed.

H.R.Rep. No. 958, at 3–4 (1961), *as reprinted in* 1961 U.S.C.C.A.N. 2563–64 (quoted in *Dixon*, 592 F.2d at 338–39); *see* 8A Am.Jur. 2d *Aviation* § 220 ("The primary purpose of [the Federal Aviation Act] was to provide federal criminal laws to cover the commission of certain acts occurring on board an aircraft, thereby solving problems of venue and jurisdiction which had become complicated by the high-speed and high-altitude flight of modern aircraft. However, the legislation was not intended to divest states of any jurisdiction which they currently had, but was rather intended to give the federal government concurrent jurisdiction with the states in certain areas where it was felt that concurrent jurisdiction would contribute to the administration of justice and protect air commerce.").

Here, Defendant's claim that the Court lacks jurisdiction because acts within the jurisdiction of a state are excluded from special maritime and territorial jurisdiction must fail for the same reasons that the *Georgescu* Court identified.[6] *See* 723 F.Supp. at 914. It is true that the Court does not have special maritime and territorial jurisdiction in this case.[7] *See* 18 U.S.C. § 7. But, as noted, the Government amended the Information to cite special aircraft jurisdiction rather than special maritime and territorial jurisdiction. Moreover, special aircraft jurisdiction is an "extension" of the federal courts' jurisdiction, designed to reach circumstances such as the facts of this case. *See Georgescu*, 723 F.Supp. at 914. Although the case could be brought in state court—if the state could be identified—pursuant to the state's concurrent jurisdiction, special aircraft jurisdiction eliminates the difficulties that could arise in determining which state's airspace the plane occupied at the time of the incident. For precisely this reason—the difficulty in identifying the correct jurisdiction—Congress provided the federal government with concurrent jurisdiction over assaults in airplanes flying over the states. *See* H.R.Rep. No. 958, at 3–4.

It is true that, as Defendant also contends, jurisdiction could not arise out of the Assimilative Crimes Act, 18 U.S.C. § 13(a). The act charged is "punishable

---

6. Indeed, as the Government noted, employing Defendant's interpretation of the statute would call into question the court's jurisdiction in cases such as *United States v. Cohen*, No. 07–5561–cr, —— Fed.Appx. ——, 2008 WL 5120669 (2d Cir. Dec. 8, 2008); *United States v. Jennings*, 496 F.3d 344 (4th Cir.2007); *United States v. Jahagirdar*, 466 F.3d 149 (1st Cir.2006); *United States v. Anderson*, 503 F.2d 420 (6th Cir.1974). *See* Gov't Resp. 9–10.

7. Because the Court does not purport to have special maritime and territorial jurisdiction, Defendant's reliance on *United States v. Allied Towing Corp.*, 602 F.2d 612 (4th Cir.1979), is misplaced. There, following an indictment citing " 'the admiralty jurisdiction of the United States,' " the district court denied the defendant corporation's motion to dismiss for lack of jurisdiction, and the corporation was convicted for the homicide of two employees aboard its barge on a river in Virginia. *Id.* at 613. The corporation appealed, arguing that the federal court lacked jurisdiction because the river was within a state and therefore excluded from special maritime and territorial jurisdiction. *Id.* at 613–14. In affirming the district court's admiralty jurisdiction, the Fourth Circuit contrasted that jurisdiction with jurisdiction under 18 U.S.C. § 7, stating that "[t]he restriction contained in [18 U.S.C. § 7] shows that Congress left the prosecution of such crimes [that occur in areas of interest to the state and federal government] to the states." *Id.* at 615. Here, however, as discussed, such limits do not apply to special aircraft jurisdiction.

by an enactment of Congress," i.e., 18 U.S.C. § 113(a)(4) or (5) and 49 U.S.C. § 46506, and the Assimilative Crimes Act only applies when a person commits an act that is "not made punishable by any enactment of Congress." 18 U.S.C. § 13(a) (providing that anyone who commits an act within the special maritime and territorial jurisdiction of the United States "which, although *not made punishable by any enactment of Congress,* would be punishable if committed ... within the jurisdiction of the State ... in which such place is situated ..., shall be guilty of a like offense and subject to a like punishment") (emphasis added). Nonetheless, jurisdiction is proper under special aircraft jurisdiction, with no need for reliance on the Assimilative Crimes Act.

Therefore, Defendant's Motion to Dismiss is DENIED. The Court shall impose the sentence as indicated at trial.

So ordered.